**FILED**
August 05, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
                     DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **DAWN C. CHUMAK** (*Pro Se*)<br>809 Telluride Drive<br>Waco, TX 76712<br><br>   *Plaintiff*,<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br>c/o **U.S. ATTORNEY**<br>800 Franklin Avenue, STE 280<br>Waco, TX 76701<br><br>**SPECIAL AGENT RAY RIVERA**, of the<br>Bureau of Alcohol, Tobacco, Firearms<br>and Explosives (**BATF**).<br>(*individual capacity*);<br><br>**MR. CHRISTOPHER SHAEFER**,<br>Assist. Dir. Public and Gov. Affairs<br>(**BATF**)(*individual capacity*);<br><br>**JOHN DOE, AGENTS/OFFICERS** 1-6<br>of the **BATF** (*individual capacities*):<br>and,<br><br>**THREE REGISTERED CLASS III NFA**<br>**FIREARMS** (SNs: C138997; 7085;<br>and 2178A)(*in rem*)<br>   ***Defendants***. | Case No. 6:25-cv- 00155-LS<br>Jury Trial Demanded |

## I. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST UNITED STATES OF AMERICA/BATF, ET AL.

  Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, the Plaintiff, Dawn C. Chumak, respectfully moves for the entry of default judgment against the Defendant United States of America. The Plaintiff brought this action on **April 21, 2025** challenging the BATF's unlawful taking of 62 NFA firearms from her Class III inventory, the Agency's subsequent

1

destruction of 59 of those registered firearms, and the retention of 3 of her firearms in the BATF's Austin Field Office "Prop Gun" inventory.   Under Federal Rules of Civil Procedure, the United States's "must serve an answer to a complaint, counterclaim, or crossclaim within **60 days** after service on the officer or employee or service on the United States attorney" (F.R.Civ.P. 12 (a)(2) & (3)) which would have made the government's deadline for responding, **June 23, 2025**.  It has now been over 100 days since the service of the original complaint, and the government has failed to appear, answer, plead, or otherwise defend this action as required by the Federal Rules of Civil Procedure.

## II.   STATEMENT OF FACTS

The factual history of the case has been Set out in the original complaint (**ECF No. 1**, para. **8 - 62**) and the plaintiff incorporates those factual averments herein.  Additionally;

63. Service of the original Complaint was effected on **April 23, 2025** (See **ECF No. 3, 4, 5, 6**) and proof of delivery obtained (See **Exhibit [DD]**: Return Receipt from U.S. Attorney, Waco TX; and **Exhibit [EE]**: Return Receipt from U.S. Attorney General, Washington, D.C.)(attached herein).

64. In the BATF's denial of the Plaintiff's administrative claim under the FTCA (See **ECF 1**, **Exhibit [CC]**) Associate Chief Counsel for the BATF, Ms. Katherine Bolton, proffered that, inter alia, the Plaintiff's claims against the BATF was "barred by the applicable statute of limitations" merely because the Plaintiff knew the firearms were in the BATF's possession.  This defense ignores the fact that: (i) for approximately 8 years *after* the firearms were taken by Agent Rivera, the BATF engaged in negotiations with the Plaintiff where they offered to return the weapons - but only if they could (without justification) keep the most valuable ones for themselves; (ii) after that Plaintiff insisted on the return of all of the NFA firearms that were taken on July 21, 2008, the BATF secretively destroyed the majority of the Plaintiff's firearms in 2016 without giving any notice to the Plaintiff of their pending destruction;  (iii) the BATF chose *not* to destroy the three most valuable & historic items in the Plaintiff's inventory and, instead, placed those firearms in the Austin Field Office's "prop gun" inventory - again without notice to the Plaintiff;  (iv)  it took  another 8 years of administrative queries, through counsel, and multiple administrative FOIA requests, was the the Plaintiff recieved notice, on **May 26, 2023**, that the "WEAPONS HAVE BEEN DESTROYED PER SPECIAL AGENT JONES IN 2016" (See **Exhibit [Y]**) —This notice was the first indication to the Plaintiff that she would not be able to recover  her firearms; and (v) only *after* the initiation of the Plaintiff's administrative FTCA Complaint to the BATF did the agency finally release the documentary evidence the Plaintiff had requested in a *third* FOIA request, specifically, the actual documentary evidence indicating that her firearms had been shredded on May 27, 2016.  That evidence not only revealed that 59 of her 62 firearms had been destroyed on that date, but also that the BATF's had retained the three most valuable and historic firearms in their  Austin Field Office prop gun inventory.

65. The three firearms being held in the Austin Field Office "Prop Gun" inventory have appreciated in values quite significantly from their estimated values in 2016, when they had been were presumed to have been destroyed. Market research has shown that the current estimated 2025 market value for those three firearms is as follows:

    (a). Integrally Suppressed MP-5, 9mm, from Hard Times Armory, Smyrna Georgia, SN: 7085; ESTIMATED VALUE (2025): $70,000.00;

    (b). Dealer Sample MP-5, 9mm, from Heckler & Koch, Germany, SN: C318997; ESTIMATED VALUE (2025): $58,000.00;

    (c). Thompson Model 1928 A, 45 cal, from Auto Ordinance Corp., West Hurley, NY SN: 2178 A; ESTIMATED VALUE (2025): $50,000.00

    As the BATF has already demonstrated a willingness to destroy the Plaintiff's registered NFA firearms, rather that to return them to the Plaintiff, the Plaintiff proffers that if these three NFA firearms have been altered so as to be inoperable, or destroyed outright by the BATF and unable to be returned to the Plaintiff, then the damage award should be adjusted to reflect the current 2025 market value as the compensation due to the plaintiff for these specific firearms.

66. Throughout the administrative FTCA complaint that preceded the instant case, the BATF proffered many argumentative challenges, yet never provided any documentary or testimonial evidence to controvert the Plaintiff's fact based claims, nor did the BATF challenged the proffered estimates of the values of the NFA firearms as set out in the administrative complaint.

### III.   LEGAL STANDARD/ARGUMENT

**Default by the Government under Rule 55, F.R.Civ.P.**

    A plaintiff may seek a default judgment in a lawsuit where the defendant fails "to plead or otherwise defend." Fed. R. Civ. P. 55(a)-(b). But, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Although default against the government is disfavored, Rule 55(d) does not "relieve[] the sovereign from the duty to defend cases." Doe v. Democratic People's Republic of Korea Ministry of Foreign Affairs Jungsong-Dong, 414 F. Supp. 3d 109, 120 (D.D.C. 2019) (citing Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 242 (2d. Cir. 1994)). "In determining whether the default judgment against the government is proper, the court may accept as true the plaintiff's uncontroverted evidence," Payne v. Barnhart, 725 F. Supp. 2d 113, 116 (D.D.C. 2010), including evidence submitted by affidavit, see Estate v. Botvin ex rel. Ellis v. Islamic Republic of Iran, 684 F. Supp. 2d 34, 37 (D.D.C. 2010),and public record evidence, see Doe, 414 F. Supp. 3d at 120.

## Establishment of a Right to Relief

In the instant case, in their denial of the FTCA Administrative Claim, the government chose only to make conclusory statements in regards to the Plaintiff's claims, provided no supporting evidence to back their statements, and used circular logic to arrive at the conclusion that "you are neither a proper party claimant given that you do not own the property interests question having abandoned it to the ATF in 2008, nor is there any evidence that you are acting as the agent of the true owner" (See **Exhibit [CC]**, line 20-22) despite the fact the Plaintiff provided documentary and testimonial evidence that, inter alia;

    (i). there was never any "abandonment" or waiver of the Plaintiff's ownership rights to those firearms;
    (ii). that the Plaintiff had, for over 14 years, continually asserted her right to have her firearms returned to her, through counsel, and on her own, using the administrative remedies available to her;
    (iii). that the ATF making of an imperfect offer to "return" the the majority of the firearms to the Plaintiff negates the BATF's claim that she was not the "true owner" of those firearms; and,
    (iv). that the ATF Form(s) 3 and 4, and the tax stamps paid thereupon, indicated that 62 NFA firearms were registered to the Plaintiff and title, accordingly, vested to her.

Secondly, the BATF claims that, even if the Plaintiff is determined to be a proper party, that the mere "possession" of the firearms by the BATF started the procedural clock for the limitations purposes (See **Exhibit [CC]**, lines 24-27) despite the fact that there was never any apparent threat to the Plaintiff's *ownership interests* in the 62 NFA firearms where:

    (i). The Plaintiff had never signed a waiver of her ownership/property interest in those firearms;
(ii). SA Rivera had indicated to the Plaintiff, on July 21, 2008, that he was taking the firearms for "safekeeping" while administrative procedures were to be pursued for their return, as agreed to by the parties on July 18, 2008 (See **ECF 1**, para. **36**);
    (iii). the BATF inexplicably filed an out-of-time "sham" forfeiture proceeding against the Plaintiff's husband, Dr. Bogdan Chumak - who was a non-party to the proceedings who had no standing for possession/ownership of any firearms Plaintiff's firearms due to his disability as a felon - and, accordingly, said proceeding had no legal bearing upon the Plaintiffs ownership rights of the 62 firearms in the possession of the BATF.

In <u>United States v. Kubrick</u>, 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979) the Court distinguished that a party's knowledge "[t]hat he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain." The Court concluded, therefore, that Kubrick's claim had accrued in when he came into possession of all the facts about the cause of his injury. Id. at 123, 100 S. Ct. at 360.

In the instant case, the mere "possession" of the Plaintiff's firearms by the BATF did not indicate that the Plaintiff's ownership interests were at stake, especially where administrative remedies were being pursued for the return of those firearms to the Plaintiff. And when those efforts were thwarted by the BATF's unjustifiable choice to retain 11 of the most valuable firearms for the BATF's own use, rather than return all 62 of the firearms to the plaintiff, and was subsequently followed by the BATF's failure to respond to multiple requests for a "full" as opposed to a "partial" return of the firearms, the Plaintiff had to make multiple queries as to the "ownership" status of the firearms by submitting requests directly to the NFA Division of the BATF for the "National Firearms Registration and Transfer Record" (NFRTR) associated with those firearms (See **ECF 1**, para. **56, 57, 58** and **Exhibits [W], [X], and [Y]**).

It was only in response to one of those NFRTR requests that the Plaintiff received a cryptic annotation, on **May 26, 2023**, that the "WEAPONS HAVE BEEN DESTROYED PER SPECIAL AGENT JONES IN 2016" which was the *first* indication to the Plaintiff the firearms could *not* be returned to her and that she had suffered a substantial financial injury due to the apparent destruction of her property. It was then a year later, on **June 25, 2024**, in response to an amended FOIA request, that the Plaintiff finally received the "Report of Destruction" forms she had asked for from the NFAD Branch indicating that 59 of the Plaintiff's firearms had, indeed, been "Shredded" on **May 27, 2016**. In that same FOIA mailing, the Plaintiff also recieved a "Release and Receipt of Property" form indicating that the three most valuable firearms in the Plaintiff's inventory (See Para. 65, supra) had been transferred to the Austin Field Office to the "Resident Agent in Charge - Austin ATFEP Prop Gun Inventory - Austin F.O. (FATD Certified Props)" on **June 3, 2016**. (See **ECF 1**, **Exhibit [AA]**, pages **33-34**). Just as with Kubrick, the Plaintiff's claim did not accrue until she came into possession of all of the facts about the cause of her injury, specifically, that the majority of her firearms had been destroyed by the BATF and could no longer be returned to her, but for the three most valuable firearms that the BATF had spared from destruction purportedly and were purportedly being retained at he Austin Field Office. The Plaintiff's filing of her administrative FTCA claim on **June 25, 2024** with the BATF was filed well within the 2 year limitations period from the date she was notified of the destruction of her firearms, May 26, 2023.

The Plaintiff's prays that this Court will find that that she has sufficiently pled and proved her claim against the BATF, such that she has "establish[ed] a claim or right to relief" by presenting evidence that will satisfy the court in accordance with Fed. R. Civ. P. 55(d).

**Default of Affirmative Defenses by Goverment's Failure to Appear**

Rule 8 and Rule 12 of the F.R Civ.P require a defendant to assert most affirmative defenses almost immediately -- either in their answer or in either a motion to dismiss or a motion for judgment on the pleadings. Failure to assert such defenses can result in a waiver of the the defense. Where the BATF has asserted in its denial of the Plaintiff's Administrative FTCA complaint that the Plaintiff claims are barred by the statute of limitations, such affirmative defense can be considered to be waived by failing to assert it by answer, motion, or any pleading.*See, e.g., Am. Nat. Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1537

5

(11th Cir. 1983) ("In any case, we need not consider these points since SFC waived its right to advance the statute of limitations defense by its failure to assert this affirmative defense in any pleading filed below in compliance with Fed.R.Civ.P. 8(c)."). The Plaintiff would proffer that the failure of the Government to appear and plead a limitations defense should operate as a waiver to that defense.

### Detention of Goods Exemption is Inapplicable

The last argument made in the BATF's denial of the Plaintiff's Administrative FTCA Complaint is that is that the Plaintiff's claims are " barred by the FTCA's detention of goods exception found at **28 U.S.C. § 2680(c)**." (See ECF 1, Exhibit [CC], at lines 28-29). The plaintiff has already extensively addressed this issue in the instant complaint where there is an "exception" to the "detention of goods exemption" upon which Ms. Bolton relies, specifically:

> "**28 U.S.C. § 2680(c)**. Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter [] **apply** to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if:
> (1) *the property was seized for the purpose of forfeiture* under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
> (2) *the interest of the claimant was not forfeited*;
> (3) *the interest of the claimant was not remitted or mitigated* (if the property was subject to forfeiture); and
> (4) *the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture* under a Federal criminal forfeiture law." (emphasis added)

The Plaintiff then set out the specific elements in the instant case that met the required elements for the application of the this exemption; specifically:

1. A "Notice of Forfeiture proceeding" was sent to Dr. Chumak (not the Plaintiff) that clearly states "On July 21, 2008 at 1175 Westgate | Rd, Eddy, TX, the property described above was *seized for forfeiture* by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)." **(See Exhibit [C])**(emphasis added);

2. There was no administrative, civil, or judicial proceeding by which the Plaintiff's ownership interests in the 62 NFA firearms were determined to have been forfeited; the condition of forfeiture having been excluded by an agreement between the US Attorney and Counsel for the Plaintiff on July 18, 2008, before the taking of the

6

firearms by SA Rivera; SA Rivera only indicated - on the day he took the firearms - that the basis for the transfer of property was "receiv[ing] possession" and nothing more; and, furthermore, the Plaintiffs ownership rights were tacitly admitted by the BATF when they attempted an imperfect return of the property to her;

      3. The Plaintiff's interest in the 62 NFA firearms were never mitigated or remitted due to the fact that, rather than cede to the Plaintiff's request for the return of all 62 of the firearms SA Rivera had taken from her, the BATF's offer to to return only 51 of the Plaintiff's firearms and to keep 11 of the most highly prized and expensive firearms for themselves.  When the Plaintiff continued to demand a full return of all 62 firearms, the BATF stopped all further communication with the Plaintiff, and her counsel, and then kept the 3 most valuable firearms, and destroy the rest thus making full mitigation or remission impossible;

      4. The Plaintiff was never charged with a crime, and criminal proceedings against the Plaintiff were declined in advance by the US Attorney due to a lack of any evidence supporting any charge of criminal activity.

                                        (See **ECF 1**, para **61**, pg. **62-64**)

### Plaintiff is Prejudiced by Continuing Delay and Resultant Harm

      The Plaintiff has already been substantially harmed by the BATF's years long failure to properly return the 62 NFA firearms that were taken from her on July 21, 2008, where the BATF the unjustifiable demand that they be allowed to retain eleven of the the more highly prized firearms as the "price" for returning the remaining firearms to the Plaintiff.  This was followed by the 2016  destruction of 59 of the Plaintiff's firearms when the Plaintiff refused anything less than a full return of her property.  Where the BATF has exhibited such a  callously disregard for the rules & regulations that are in place to protect private property, and specifically firearms, the Plaintiff has no confidence that the BATF will safeguard the three remaining firearms  that are purportedly being retained at the BATF's Austin Field Office. Those remaining 3 firearms, assuming they have not been rendered mechanically inoperable, are estimated to be worth approximately $178,000.00.  The Plaintiff fears that the BATF will take the same position that they took in 2016, that is, to destroy those remaining firearms rather that return them to the Plaintiff.

## IV.     CONCLUSION/PRAYER FOR RELIEF

The Defendants in the instant case have been served with the complaint and have failed to plead or otherwise defend their cause.  And while a default judgment against the United States is disfavored, the Plaintiff prays that by presenting uncontroverted evidence that the Defendants have acted contrary to law and, and where the Plaintiff  has establish a right to relief that has satisfied the Court, that the Court will enter a default judgment against the United States and award appropriate relief. Accordingly, the Plaintiff respectfully requests that the this Honorable Court will accept as true the plaintiff's uncontroverted evidence and:

(1).  **ENTER A JUDGEMENT OF DEFAULT** against the United States pursuant to Fed. R. Civ. P. 55, or, in the alternative,  ISSUE AN ORDER TO THE U.S. ATTORNEY TO RESPOND to the Plaintiff's complaint, and set a strict deadline for that response, with penalties for any failure to meet said deadlines, so as to prevent further undue delay in these proceedings;

(2). **ISSUE A WRIT OF ATTACHMENT**, under **F.R.Civ.P. Rule 64**, and **Texas Civil Rule 592** and **599**,  to the "Agent in Charge" of the BATF's Austin Field Office's Prop Gun Inventory, that the following NFA firearms being held in their inventory: (a). One - Integrally Suppressed MP-5, 9mm, SN: 7085;  (b). One - Dealer Sample MP-5, 9mm,  SN: C318997; (c). One -Thompson Model 1928 A, 45 cal, SN: 2178 A;  Shall be turned over to the U.S. Marshals for safekeeping during the pendancy of the instant civil action where the BATF has already destroyed multiple firearms owned by the Plaintiff when the Plaintiff sought their return;

(3). **APPOINT A SPECIAL MASTER** under **F.R.Civ.P. Rule 53**, to determine whether or not the BATF has substantially altered, or rendered unsellable, the 3 NFA firearms being sought for a writ and return (supra).  Such Master is also requested so as to facilitate a damage award hearing in regards to the valuation of the 59 NFA firearms the BATF destroyed in 2016, as well as to determine the current 2025 market value of the 3 NFA firearms in the Austin field Office's Prop Gun Inventory - if it is determined that those firearms are no longer in the sellable condition they were in prior to the BATF's "taking"  in 2008 and they must be included in the damage award being sought by the Plaintiff;

(4). **ISSUE A RULING** that the United States is precluded from raising any of the defenses, affirmative or otherwise,  set out in **F.R.Civ.P. Rule 8 (c)** or **Rule 12(b)** where said Rules require that such defenses be made within the 60 day time frame set out for a responsive pleading, or answer, to the Plaintiff's complaint;

(5). **ORDER** any other equitable relief this Honorable Court deems fit and allowable under law.

Respectfully submitted, this  5th  day of August, 2025

      I, Dawn C. Chumak, do swear under the penalty of perjury, that the foregoing, and all factual averments herein are, to the best of my knowledge and belief, correct.

*Dawn C. Chumak*

Dawn C. Chumak, Plaintiff, Pro Se

Address:
809 Telluride Drive
Waco, TX 76712

ATTACHMENTS:

1. **EXHIBIT [DD]**: Return Receipt from U.S. Attorney, Waco TX
    (d. **04/25/25**)

2. **EXHIBIT [EE]**: Return Receipt from U.S. Attorney General, Washington, D.C.
    (d. **05/30/2025**)

**USPS TRACKING #**



9590 9402 9270 4295 0506 56

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

DAWN C. CHUMAK
809 TELLuride Drive
Waco, TX 76712

05/02

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Attorney
800 Franklin Ave.
Waco, TX 76701



9590 9402 9270 4295 0506 56

2. Article Number (Transfer from service label)

9589 0710 5270 1415 3226 78

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
4/25/25

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Exhibit [EE] (p. 1 of 2)



9590 9402 9270 4295 0506 49

**United States Postal Service**

Sender: Please print your name, address, and ZIP+4® in this box

Dawn Chumak
809 Telluride Drive
Waco, TX 76712

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

# Exhibit [EE]  (p. 2 of 2)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of the Attorney General of U.S.
950 Pennsylvania Ave.
Washington, D.C. 20530



9590 9402 9270 4295 0506 49

2. Article Number (Transfer from service label)

9589 0710 5270 1415 3226 54

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  *Evie Sassak.*   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)

APR 30 2025

C. Date of Delivery

INSPECTED 28

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Restricted Delivery

Domestic Return Receipt